IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-00706-CNS

CARLOS ALBERTO MOLINA QUIJANO,

    Petitioner,

v.

JUAN BALTASAR, Warden, GEO Group ICE Processing Center;
GEORGE VALDEZ, Director of the Denver Field Office, Immigration and Customs Enforcement;
TODD LYONS, Acting Director of United States Immigration and Customs Enforcement;
KRISTI NOEM, Secretary, United States Department of Homeland Security; and
PAMELA BONDI, Attorney General of the United States,

    Respondents.

## ORDER

Before the Court is Petitioner's habeas petition, his supporting traverse, and Respondent's response. ECF Nos. 1, 9, 10. Essentially, and presuming familiarity with this case's background, Respondents have released Petitioner from detention, *see* ECF No. 9 at 1, and argue his petition is moot as a result, *id.* In his traverse, Petitioner contends that Respondents have not returned his "Colorado driver's license and" Employment Authorization Document (collectively, the documents) and seeks their return to him. ECF No. 10 at 2. The parties essentially dispute whether such a request is moot. *See, e.g., id.* at 6.

1

Explained further below, the Court GRANTS IN PART and DENIES IN PART the petition. The Court DENIES IN PART the petition to the extent Petitioner seeks immediate release, as Respondents have granted Petitioner this relief. *Cf.* ECF No. 1 at 19. However, the Court GRANTS IN PART the petition to the extent it seeks the just and proper relief, *see id.*, of the return of Petitioner's documents, as well an order prohibiting Respondents from imposing any additional conditions of release and supervision beyond those imposed in the Order of Supervision. Consistent with the Court granting in part and denying in part the petition, and as explained further below, dismissal of this case on mootness grounds is improper.

*First*, the Court rejects Respondents' contention that this *entire* case should be dismissed as moot. See ECF No. 9 at 3. To be sure, Petitioner's specific request for immediate release is moot—he has received such relief. But "[a] case is not moot where *any* effective relief may be granted." *White v. United States Army Corps of Eng'rs*, 659 F. Supp. 3d 1045, 1051 (N.D. Cal. 2023) (citation modified); *In re Navy Chaplaincy*, 850 F. Supp. 2d 86, 107 (D.D.C. 2012) ("[E]ven the availability of a *partial remedy* is sufficient to prevent a case from being moot." (citation modified)). And here the Court may provide Petitioner with a partial remedy, *see id.*, in the form of an order requiring Respondents to return the documents. Accordingly, Respondents have not met their "heavy" burden, *White*, 659 F. Supp. 3d at 1051 (citation modified), of showing dismissal based on mootness is warranted at this time. *See also In re Mercury Fin. Co.*, 240 B.R. 270, 275 (N.D. Ill. 1999) ("A case is moot if there is *no possible relief* which the court could order that would benefit the party seeking it." (citation modified)).

*Second*, courts have granted similarly situated individuals relief in the form of an order requiring respondents to return comparable documents, and the Court discerns no reason to part ways with them and deny Petitioner his requested relief—particularly where he has been released from detention. *See, e.g., Kumar Taya v. Anda-Ybarra*, *et al.*, 1:26–cv–00480–MIS–SCY, 2026 WL 622385, at *2 (D.N.M. Mar. 5, 2026) (ordering immediate release and further ordering respondents to "return all of petitioner's personal belongings" (citation modified)); *Garcia v. Noem*, No. 25cv3759–LL–BLM, 2026 WL 194745, at *4 (S.D. Cal. Jan. 26, 2026) ("Respondents shall return all of Petitioner's belongings, including his identification documents."). Courts have likewise—including this Court—ordered respondents to release habeas petitioners without the imposition of conditions such as ankle or GPS monitoring, and granting Petitioner similar relief is proper here as well. *See, e.g., Cortes v. Guadian*, No. 1:26–cv–00294–CNS, 2026 WL 265688, at *2 (D. Colo. Feb. 2, 2026); *Singh v. Baltazar*, --- F. Supp. 3d ----, No. 1:26–cv–00336–CNS, 2026 WL 352870, at *6 (D. Colo. Feb. 9, 2026).

\* \* \*

Consistent with the above analysis, Petitioner's petition, ECF No. 1, is GRANTED IN PART and DENIED IN PART.

It is GRANTED to the extent that Petitioner seeks the return of the documents. Respondents SHALL RETURN the documents to Petitioner within TWO DAYS of this Order.

The Court further GRANTS the petition to the extent that Petitioner seeks an order prohibiting Respondents from imposing any electronic monitoring conditions not

previously imposed in the Order of Supervision. The Court FURTHER ORDERS that Respondents SHALL NOT impose any additional conditions of release or supervision not previously imposed in connection with Petitioner's prior Order of Supervision.

Respondents SHALL FILE a status report within THREE DAYS of this order to certify compliance.

Respondents are further ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof.

DATED this 13th day of March, 2026.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge